**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK VICINAGE**

|  |  |  |
|---|---|---|
| CARSON E. LUBIN, | : | |
| | : | Civil Action No. 16-76(SRC) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| CHARLES GREEN, | : | |
| | : | |
| Respondent. | : | |

**CHESLER**, District Judge

This matter comes before the Court upon Petitioner Carson E. Lubin's ("Petitioner") Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (Pet., ECF No. 1.) Petitioner has been in detention pursuant to 8 U.S.C. § 1226(c) (detention of a criminal alien pending removal proceedings) since May 30, 2013. (Id.) Respondent filed a letter response asserting that Respondent does not object to the Court entering an order remanding this matter to the Immigration Court for a bond hearing under 8 C.F.R. § 1003.19(c). (Letter Response, ECF No. 3.)

In reply, Petitioner asserts that he never received a bond hearing, but the Immigration Judge erred by alleging Petitioner was a danger to the community. (Traverse to Resp't Opp. to Writ of Habeas Corpus ("Traverse"), ECF No. 5.) Petitioner appears to be

1

referring to the Immigration Court's denial of his application for asylum on May 5, 2016. (Id. at 1-2.) Petitioner requests that this Court conduct the individualized bond hearing and order his release. (Id. at 2-3.)

Petitioner is entitled to a bond hearing pursuant to Chavez-Alvarez v. Warden York County Prison, 783 F.3d 469, 478 (3d Cir. 2015) (holding that the Due Process Clause limits the Government's authority to detain an alien under 8 U.S.C. § 1226(c) without a bond hearing because, as the length of detention grows, the burden on the alien's liberty outweighs any justification for detention without consideration of bond.) The appropriate relief is to order a bond hearing before an Immigration Judge. See Chavez-Alvarez, 783 F.3d at 477 n. 12 ("[w]e read 8 C.F.R. § 1003.19(c) as giving the Immigration Judge jurisdiction to rule on the bond issue"); see Reeves v. Johnson, Civ. Action No. 15-1962(SRC), 2015 WL 1383942, at *3 (D.N.J. Mar. 24, 2015) (citing Pisciotta v. Ashcroft, 311 F. Supp. 2d 445, 454 (D.N.J. Jan. 9, 2004) (district court does not have jurisdiction over discretionary agency decisions such as whether to release a petitioner on bond.)) An appropriate Order follows.

**DATED:** July 8, 2016

                                         s/ Stanley R. Chesler
                                       STANLEY R. CHESLER
                                    United States District Judge